**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**NORTHERN DIVISION**

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| SWS, LLC d/b/a SECUREWATCH d/b/a ) | |
| SECURE AUTOMATION, LLC; ADT, LLC ) | |
| d/b/a ADT SECURITY SERVICES; and ) | |
| NICOLE HEARN, ) | |
| ) | |
| Defendants. ) | |

---

## NOTICE OF REMOVAL OF CIVIL ACTION

---

Defendant ADT LLC, d/b/a ADT Security Services Inc. ("ADT"), incorrectly designated as ADT, LLC d/b/a Security Services, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files its Notice of Removal of this case from the Chancery Court for the County of Knox, State of Tennessee, to this Court. The grounds for removal are as follows:

1.      First Mercury Insurance Company ("Plaintiff") commenced this action in the Chancery Court for Knox County, Tennessee on April 25, 2014, in Case No. 187383-2.

2.      On May 13, 2014, ADT was served with a Summons and a copy of Plaintiff's Complaint for Declaratory Judgment ("Complaint").

3.      On information and belief, other than the filing of Plaintiff's Complaint on ADT, no proceedings have been had in this action in the Chancery Court for the County of Knox as of the date of this filing of Notice of Removal.

4.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it has been filed with this Court within thirty (30) days after service of Plaintiff's Complaint.

6366790 v1

## DIVERSITY OF CITIZENSHIP

5.      Pursuant to 28 U.S.C. § 1332(a), this action involves citizens of different states and, therefore, complete diversity exists.  Plaintiff is, at all times relevant, an Illinois corporation with its principal place of business located in Southfield, Michigan.  ADT LLC is a Delaware limited liability company with its principal place of business located in Boca Raton, Florida. SWS, LLC d/b/a SecureWatch d/b/a Secure Automation, LLC is a Tennessee limited liability company with its principal place of business located in Knoxville, Tennessee.

## THE AMOUNT IN CONTROVERSTY EXCEEDS $75,000

6.      Plaintiff has not stated a monetary prayer for relief that would allow defendant to determine proper jurisdictional authority.  Nevertheless, under 28 U.S.C. 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if the court determines, by a "preponderance of the evidence," that the amount in controversy exceeds $75,000.

7.      Plaintiff seeks a coverage determination on an underlying Complaint filed in the Circuit Court for the Hillsborough County, Florida ("Hearn's Complaint"). Hearn's Complaint includes claims of personal injuries and other damages suffered by Hearn as a result of Rashad Hales' sexual assault and attack on or about December 30, 2011.  Although Plaintiff's pleading fails to state the jurisdictional amount, based on the nature of the claims alleged in the underlying Complaint, a preponderance of the evidence suggests the amount in controversy exceeds $75,000. *See Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.,* 567 F.3d 767, 770 (6th Cir. 2009) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)) ("The parties' dispute turns on how to ascertain the amount in controversy in a case where the litigation does not seek monetary damages, but declaratory or injunctive relief—here, the cancellation of a lease—involving a mineral interest. One principle is well-settled: for actions

6366790 v1

seeking a declaratory judgment, we measure the amount in controversy by "the value of the object of the litigation.").

8.      Upon information and belief, the amount in controversy in this action, exclusive of interest and costs, exceeds Seventy-Five Thousand ($75,000.00) Dollars, pursuant to 28 U.S.C. § 1332(a).

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

9.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 because (1) the citizenship of Plaintiff is wholly diverse from the citizenship of ADT; and (2) upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand ($75,000.00) Dollars. Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441, *et seq*.

10.      Pursuant to 28 U.S.C. § 102(a)(1) removal to this Court is proper.

11.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on ADT are attached hereto as Exhibit A, and by this reference specifically made a part hereof.

12.      Notice of the filing of this Notice of Removal shall be provided to counsel for Plaintiff, and a copy of this Notice of Removal shall be filed with the Clerk of the Chancery Court of Knox County, pursuant to 28 U.S.C. § 1446(d). Under the provisions of 28 U.S.C. § 1441 and all applicable statutes with which Plaintiff and ADT have complied, this action is removed to the United States District Court for the Eastern District of Tennessee.

13.      If any question arises as to the propriety of the removal of this action, ADT respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, ADT, desiring to remove this case to the United States District Court for the Eastern District of Tennessee at Knoxville, Northern Division, being the district and division of said Court for the County in which said action is pending, prays that the filing of the Notice of Removal shall effect the removal of said suit to this Court.

Dated: June 12, 2014

Respectfully submitted,

PAINE, TARWATER, AND BICKERS, LLP

 /s/ Matthew J. Evans
Matthew J. Evans, #017973
Katherine S. Goodner, #030499
900 South Gay Street, Suite 2200
Knoxville, TN 37902-1821
Telephone: 865.525.0880
Facsimile:  865.521.7441
mje@painetar.com

ATTORNEYS FOR DEFENDANT ADT, LLC D/B/A ADT SECURITY SERVICES

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been sent by United States mail, first class, postage prepaid, on this 12th day of June, 2014, to the following.

> William H. Tate, Esq.
> HOWARD TATE SOWELL WILSON
> LEATHERS & JOHNSON, PLLC
> 201 Fourth Avenue, North – Suite 1900
> Nashville, TN 37219
> whtate@howardtatelaw.com
> *Attorneys for Plaintiff*

/s/ Matthew J. Evans