UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| First Mercury Insurance Company, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CV-256-PLR-CCS |
| | ) | |
| SWS, LLC d/b/a Secure Watch d/b/a | ) | |
| Secure Automation, LLC, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

**Memorandum Opinion**

On April 25, 2014, First Mercury Insurance Company filed this action in the Chancery Court of Knox County, Tennessee. After the defendants were served, one of them, ADT LLC, d/b/a ADT Security Services Inc. ("ADT"), filed a notice of removal in this Court pursuant to 28 U.S.C. § 1446. [R. 1, Notice of Removal, Page ID 1]. ADT noted that the amount in controversy exceeds $75,000, and that complete diversity exists for the purposes of 28 U.S.C. § 1332(a). The other defendants did not, however, join in the notice of removal or give their consent. Accordingly, First Mercury filed a motion to remand. [R. 8, Motion to Remand, Page ID 134].

The rule of unanimity requires all defendants to join in the removal petition or file their consent to removal within 30 days of receiving the summons. *Loftis v. United Parcel Service*, 342 F.3d 509, 516 (6th Cir. 2003). ADT does not contest that the other defendants did not join in the removal petition or file their consents to removal. Instead, ADT argues that the rule of unanimity only applies to removals based on federal question jurisdiction—not diversity cases like the present. According to ADT, 28 U.S.C. § 1446 only requires consent when a civil action

is removed pursuant to 28 U.S.C. § 1441.  ADT contends that its "primary basis for removal of this action was and is due to the complete diversity of the parties" under 28 U.S.C. § 1332, and that removal under § 1332 does not require unanimity.  ADT's argument is misplaced.  Section 1332 does not authorize removal; instead, it sets out the elements of diversity jurisdiction.  In cases where the federal courts have original jurisdiction (*e.g.*, based on diversity of citizenship or a federal question), 28 U.S.C. § 1441 authorizes removal from state to federal court, and 28 U.S.C. § 1446 lays out the procedures for doing so.  ADT's notice of removal is not authorized by 28 U.S.C. § 1332.  It is authorized by 28 U.S.C. § 1441, and the rule of unanimity applies.

Because the other defendants did not consent or join in ADT's removal petition, First Mercury's motion to remand [R. 8] is **Granted**.  This case will be **Remanded** to the **Chancery Court** for **Knox County, Tennessee**.

_____
**UNITED STATES DISTRICT JUDGE**